NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANDERSON,            )<br>                             )<br>            Petitioner,       )<br>                             )<br>   vs.                       )<br>                             )<br>                             )<br>R. GROUNDS, Warden,          )<br>                             )<br>            Respondent.      )<br>_____) | No. C 11-02445 JF (PR)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a California inmate currently incarcerated at the Correctional Training Facility ("CTF") in Soledad, seeks petition in <u>pro se</u> for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons discussed below, Court concludes that Petitioner is not entitled to relief based on the claim presented and will dismiss the petition.

**DISCUSSION**

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

1  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

2      A district court shall "award the writ or issue an order directing the respondent to
3  show cause why the writ should not be granted, unless it appears from the application that
4  the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

5  **B.    Petitioner's Claims**

6      Petitioner's sole claim is that prison officials wrongfully denied his request to be
7  transferred to an institution closer to his mother, who is ill and unable to visit him at CTF.
8  (Pet. Attach. at 5.) Petitioner asserts that the denial was not supported by "some
9  evidence" under Superintendent v. Hill, 472 U.S., 445, 454-56 (1985), and that the prison
10 officials' denial based on "'housing and program limits'" was "nothing more than
11 euphemism for overcrowding" rather than "some evidence." (Id. at 6-7.) Petitioner filed
12 state habeas petitions challenging the denial of a transfer, and the state high court denied
13 review on January 19, 2011. (Pet. Ex. C.)

14     Prisoners have no constitutional right to incarceration in a particular institution.
15 See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum, 427 U.S. at 224. A
16 prisoner's liberty interests are sufficiently extinguished by his conviction that the state
17 may generally confine or transfer him to any of its institutions, to prisons in another state
18 or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d
19 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer
20 does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison
21 transfer does not implicate Due Process Clause)); see also Stewart v. McManus, 924 F.2d
22 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal
23 prison). "It is well settled that the decision where to house inmates is at the core of prison
24 administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).

25     However, changes in conditions so severe as to affect the sentence imposed in an
26 unexpected manner implicate the Due Process Clause itself, whether or not they are
27 authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Deprivations
28 authorized by state law that are less severe or more closely related to the expected terms

1  of confinement may also amount to deprivations of a procedurally protected liberty
2  interest, provided that (1) state statutes or regulations narrowly restrict the power of
3  prison officials to impose the deprivation, *i.e.*, give the inmate a kind of right to avoid it,
4  and (2) the liberty in question is one of "real substance."  See id. at 477-87.

5  Because California has created regulations from which a protected interest in
6  transfer within the state prison system could arise, in accord with Sandin the next
7  question must be (1) whether the statutes narrowly restrict the power of prison officials to
8  deny inmates a transfer, and (2) whether the deprivation suffered due to denial of a
9  transfer request is one of "real substance."  In California, there are no substantive
10 limitations on prison officials' discretion to grant or refuse the transfer of prisoners.  See
11 Cal. Penal Code § 5080; Cal. Code Regs. tit. 15, § 3379; People v. Lara, 155 Cal. App. 3d
12 570, 575-76 (1984).  A provision that merely provides procedural requirements, even if
13 mandatory, cannot provide the basis for a constitutionally protected liberty interest.  See
14 Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993).  Because the statutory language does
15 not meet the first prong of the Sandin test, no protected liberty interest requiring
16 constitutional protection is created.

17 Here, the state superior court denied Petitioner's claim that prison officials abused
18 their discretion in refusing his hardship transfer request.  (Pet. Ex. A.)  The state court
19 found that the denial of the transfer "due to housing and program limits," was properly
20 within the criteria under Penal Code § 5068, and not an abuse of discretion by the
21 Director.  (Id.)  As stated above, there are no substantive limitations on prison officials'
22 discretion to deny or grant prison transfers in California.  See Cal. Penal Code §
23 5080;Cal. Code Regs. tit. 15, § 3379.  Moreover, even mandatory procedural
24 requirements does not create a constitutionally protected liberty interest in a transfer to a
25 particular prison.  See Noonan, 992 F.2d at 989.  Here, there was no violation of any
26 procedural requirements in the denial of Petitioner's transfer request.  Accordingly,
27 Petitioner's claim must be dismissed for failure to state a claim.
28 ///

# CONCLUSION

The Court concludes that Petitioner has failed to show a violation of his federal constitutional rights. Accordingly, the petition for writ of habeas corpus is DISMISSED for failure to state a claim.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: 9/1/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT ANDERSON,

          Petitioner,

  v.

R. GROUNDS, Warden,

          Respondent.
                                    /

Case Number: CV11-02445 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  9/16/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Anderson
Correctional Training Facility
K-17452
P.O. Box 689 / DW -203
Soledad, CA 93960-0689

Dated:  9/16/11

                                                          Richard W. Wieking, Clerk